

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2009

# Jeffrey Soder v. J. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4400

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jeffrey Soder v. J. Williamson" (2009). *2009 Decisions.* Paper 1221.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1221

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4400
_____

JEFFREY DALE SODER,

                                                    Appellant

v.

J. MICHAEL WILLIAMSON; CHARLES FREDERICK CHENOT, III; CHAD TATE;
CARL NACE; AARON RICHARDS; DONALD SMITH; DAVID YEINGST;
WARDEN LONG

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 07-cv-01851)
District Judge:  Honorable John E. Jones, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2009

Before: BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 5, 2009)
_____

OPINION
_____

PER CURIAM

     Appellant Jeffrey Dale Soder appeals from the order of the United States District

Court for the Middle District of Pennsylvania granting the defendants' motions to dismiss

his civil rights complaint.  We will affirm.

Because the parties are familiar with the history and facts of the case, and because the District Court's memorandum and orders set forth the allegations of the complaint and the relevant details of the litigation, we will not provide a detailed account. In summary, in October 2007, Soder filed his complaint under 42 U.S.C. § 1983 against several Pennsylvania and local officials. He alleged violations of his constitutional rights stemming from his arrest and incarceration at the Perry County Correctional Facility ("Correctional Facility"). First, Soder named as a defendant the Honorable J. Michael Williamson, a judge of the Court of Common Pleas of Clinton County. Soder alleged that in March 2007, Judge Williamson issued a warrant for his arrest without having subject matter jurisdiction to do so, violated his double jeopardy rights, denied him a jury trial, and caused his incarceration under an illegal conviction. Soder also named as defendants Newport Borough police officer Chad Tate, Perry County Sheriff Charles Nace, and Nace's deputies Aaron Richards and Donald Smith. Nace is not mentioned in the allegations of the complaint itself, but Soder alleged that Tate, Richards, and Smith arrested him at his home in reliance upon the allegedly illegal warrant, in violation of the Fourth Amendment.[1]

Finally, Soder named as defendants the Correctional Facility Warden David Yeingst, Yeingst's deputy Warden Long, and District Attorney Charles Fredrick

---

[1] We note that in his reply brief, Soder expressly states his intent to withdraw any claims against defendant Tate.

Chenot, III. Soder alleged that Yeingst illegally detained him as a result of the illegal warrant and arrest. He also alleged that Yeingst, Long, and Chenot were in violation of the Federal Standards of Prisons because of the conditions at the Correctional Facility. Among other things, Soder complained of the conditions of having to share a cell with another inmate, denial of outside exercise for twenty-four days, lack of scheduled fire drills during his four-month incarceration, inadequate bed linens and towels, cold meals, denial of work release, and inadequate law library. In addition, Soder contended that his First Amendment right to the free exercise of religion was violated when he had to wait twenty-four days for a chest x-ray after refusing to take a tuberculosis test, stating that the test by injection would violate his sincere religious beliefs. Soder sought damages relief, as well as relief under the RICO statute, 18 U.S.C. § 1961.

The defendants filed motions to dismiss the complaint, and Soder filed briefs in opposition to the motions. The District Court granted the defendants' motions to dismiss on several bases. First, regarding the claims concerning the arrest, the District Court held that Judge Williamson had absolute judicial immunity from section 1983 actions seeking money damages concerning actions performed in a judicial capacity. Moreover, the District Court held that Soder's claims are barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), insofar as the success of his constitutional claims would necessarily imply the invalidity of his conviction. The District Court also noted the absence of any showing by Soder that his conviction or sentence has already been invalidated. See Heck,

3

512 U.S. at 486-87.[2]  As for Soder's Fourth Amendment claim against defendants Tate, Nace, Richards, and Smith, the District Court determined that the arrest warrant in question was facially valid, and given that Soder did not allege any circumstances that would indicate that the arresting officers' reliance on the warrant was unreasonable, Soder failed to state a Fourth Amendment claim.[3]  See Baker v. McCollan, 443 U.S. 137, 142-44 (1979) (no violation of the Fourth Amendment when an officer executes a facially valid arrest warrant that was issued on a showing of probable cause).

Concerning Soder's claims relating to conditions of his confinement at the Correctional Facility, the District Court determined that the claims against defendants Chenot, Yeingst, and Long would be dismissed for failure to allege any personal involvement.[4]  Further, the District Court construed Soder's allegations related to the tuberculosis testing as claims under the First Amendment and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  The District Court concluded that Soder failed to state a claim under either basis, noting that Soder's religious beliefs were accommodated.  In addition, the District Court determined that Soder did not allege facts

---

[2] The District Court noted that Soder's habeas petition concerning the underlying conviction was denied.  Soder v. Williamson, No. 07-cv-00695 (M.D. Pa. May 27, 2008).

[3] The District Court extended this analysis to the extent that Soder asserted a Fourth Amendment claim against defendant Yeingst, stating that the arrest pursuant to the warrant was supported by probable cause.

[4] The District Court also held that, to the extent that Soder asserted that defendant Chenot was liable for the conditions of his confinement because Chenot prosecuted his case, Chenot was entitled to prosecutorial immunity.

sufficient to state an Eighth Amendment claim of cruel and unusual punishment, a First

Amendment claim of the denial of access to the courts, or a RICO claim. Noting that

amendment of the complaint would be futile, the District Court dismissed the complaint

with prejudice. Soder filed a motion for summary judgment, which the District Court

denied in light of the prior order dismissing the complaint.

Soder appeals and limits his briefs to challenging only the order dismissing his

complaint.[5] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of

the District Court's orders granting the defendants' motions to dismiss. See Port

Authority of New York and New Jersey v. Arcadian Corp., 189 F.3d 305, 311 (3d Cir.

1999). We note that Soder does not challenge any of the District Court's legal

conclusions as presented in its memorandum. We thus deem the issues waived, as they

are not raised in his briefs. See F.D.I.C. v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000).

In any event, upon review of the record, we would affirm the District Court's decision for

substantially the same reasons given in the District Court's memorandum.

Soder's main argument on appeal appears to be that the District Court did not

address his argument that Judge Williamson acted without subject matter jurisdiction in

convicting him, and all the defendants' actions stemming from that illegal conviction

---

[5] Soder's notice of appeal references both the orders dismissing his complaint and denying his motion for summary judgment. The District Court deemed the notice of appeal to be timely as to both orders, pursuant to Soder's motions under Rules 4(a)(5) and 4(a)(6) of the Federal Rules of Appellate Procedure.

were similarly unconstitutional. Although not directly stated in the complaint, Soder's position appears to be that Judge Williamson and the Court of Common Pleas did not have jurisdiction to adjudicate violations of the state motor vehicle code, and that Soder was entitled to an administrative agency hearing instead. However, the District Court did address this argument to the extent that it calls into question the validity of his conviction, as a subject matter jurisdiction challenge certainly does. We agree with the District Court's conclusion that Soder's claims that are premised on his subject matter jurisdiction argument are barred by the doctrine of Heck v. Humphrey.

We will affirm the District Court's judgment.